UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| YORK HOWZE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-35 |
| ) | |
| ALLIED PHYSICIANS INCORPORATED, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

A hearing was held and concluded today on the motion to withdraw filed by Attorney Loren Allison, counsel to Plaintiff York Howze. (Docket # 32.) Attorney Allison, Howze, and Defendants' counsel were present in person, and oral argument was heard and concluded; Howze opposes the motion to withdraw and at the hearing submitted documents in support of his position. At the close of the hearing, the Court took the motion to withdraw under advisement.

"It is well settled that the discretion to grant or deny an attorney's motion to withdraw in a case such as this lies with the district court." *Barbee v. L. Fish Furniture Co.*, No. 1:05-cv-00550, 2006 WL 3201938, at *1 (S.D. Ind. May 4, 2006) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Indiana Rules of Professional Conduct govern the conduct of lawyers in this Court. N.D. Ind. L.R. 83-5(e). Indiana Rule of Professional Conduct 1.16 sets forth various bases upon which an attorney of record may withdraw his or her representation of a party, including simply that "good cause for withdrawal exists."

After oral argument and a review of Howze's supporting documents, it is readily

apparent that good cause for withdrawal exists in that an irretrievable breakdown has occurred in the relationship between Attorney Allison and Howze. *See Barbee*, 2006 WL 3201938, at *2 (describing good cause for an attorney's withdrawal as "an irreconcilable breakdown in the attorney-client relationship or that continued representation will run afoul of his ethical obligations as an attorney"). Therefore, the Court GRANTS the motion to withdraw (Docket # 32), and Attorney Allison is WITHDRAWN as Howze's counsel. The Clerk is directed to FILE the letter presented by Howze at the hearing, and FILE UNDER SEAL the documents attached thereto (Exhibits A through H).

In order to afford Howze ample time to secure successor counsel, the Court sets this matter for a further status and scheduling conference on October 2, 2012, at 11:00 a.m., and STAYS the case until that conference, except that Defendants are GRANTED LEAVE to amend their pending Motion to Dismiss or to Enforce Settlement Agreement (Docket # 29) on or before August 21, 2012. No response shall be due from Howze to Defendants' amended Motion to Dismiss until the Court so directs. Howze, either with or without counsel, and Defendants' counsel are DIRECTED to be present in person at the October 2, 2012, status and scheduling conference.

In the event Howze fails to secure successor counsel by October 2, 2012, the Court will deem that he is proceeding *pro se*. The Clerk is DIRECTED to send a copy of this Order to York Howze at 2509 Webster Street, Fort Wayne, IN 46807, and to AUSA Joseph Reid.

SO ORDERED. Entered this 31st day of July, 2012.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge