UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES, STATE OF INDIANA, *ex rel.*, and YORK HOWZE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL NO. 1:11cv35 |
| ALLIED PHYSICIANS INCORPORATED and SLEEP CENTERS OF FORT WAYNE, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on two motions to dismiss filed by the defendants, Allied Physicians Incorporated ("Allied Physicians") and Sleep Centers of Fort Wayne, LLC ("Sleep Centers"). On August 14, 2012, the defendants filed an amended motion to dismiss Count III of the Amended Complaint, or alternatively, to enforce settlement agreement.[1] The plaintiff, York Howze ("Howze"), proceeding *pro se*, filed his response on November 21, 2012, to which the defendants replied on December 3, 2012.

On November 15, 2012, the defendants filed a motion to dismiss Counts I and II of the Amended Complaint. Howze filed his response on November 21, 2012, to which the defendants replied on December 2, 2012.

For the following reasons, the motion to dismiss Count III will be granted and the motion to dismiss Counts I and II will be denied.

---

[1] The original motion to dismiss was filed on July 3, 2012 [DE 29] and is superseded by the amended motion to dismiss. Therefore DE 29 will be dismissed as moot.

Discussion

On October 21, 2010, Howze filed Cause No. 1:10cv459 against the defendants alleging race discrimination and retaliation. On March 8, 2012, the parties entered into a Settlement Agreement and General Release. Pursuant to this Settlement Agreement, Howze settled "any and all claims that have been made or could be made" against the defendants. Howze also agreed that in the event he breached the Settlement Agreement, the defendants were entitled to reasonable attorneys' fees incurred in defending any claim brought in breach of the Settlement Agreement. The parties then filed a motion to dismiss pursuant to stipulation on July 12, 2012, and the case was dismissed with prejudice on July 10, 2012.

On January 24, 2011, Howze filed the present case (under seal) against the defendants as Relator for the United States of America and the State of Indiana based upon allegations under the False Claims Act and other claims. On March 12, 2012, the United States declined intervention in this lawsuit. The Amended Complaint was then unsealed and served upon the defendants. Count I is pursuant to the False Claims Act ("FCA"), Count II alleges conspiracy to submit false claims in violation of the Indiana False Claims Act, and Count III is a wrongful discharge claim brought pursuant to 31 U.S.C. § 3730(h).

The first motion to dismiss is directed solely to Count III. In Count III, Howze alleges that he was terminated in retaliation for engaging in protected activity in violation of 31 U.S.C. § 3730(h). Section 3730(h) of the FCA provides protection to employees who are terminated or otherwise discriminated against as a result of filing an action under the FCA. The defendants contend that Howze's retaliation claims are barred by *res judicata.*

"The doctrine of *res judicata* prevents parties or their privies from relitigating issues that

2

were or could have been raised in another, previous action in which there was a final judgment on the merits." *Scott v. Durham,* 2010 WL 4553662 at *3 (N.D.Ind. Nov. 3, 2010) citing *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). In order for *res judicata* to apply under federal law, there are three requirements that must be satisfied: (1) a final judgment on the merits in the prior lawsuit; (2) identity of the causes of action; and (3) identity of the parties. *Id.* at *4 citing *Cent. States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines,* 296 F.3d 624, 628 (7th Cir. 2002).

A stipulation of dismissal is a final judgment on the merits for purposes of *res judicata*. *See Golden v. Barenborg,* 53 F.3d 866, 868-69 & 871 (7th Cir. 1995); *Christian v. Walgreen Co.,* 2011 WL 2789091 at *4 (N.D.Ind. July 14, 2011). In the present case, Howze and the defendants stipulated to dismissal of Howze's Complaint on July 2, 2012. It is undisputed that there was an identity of the parties because the parties that signed the Settlement Agreement are the identical parties to this litigation. *See Brenston v. Dedelow,* 2005 WL 2204870 at *5 (N.D.Ind. Sept. 7, 2005) (The parties in the actions "must either be identical *or in privity with each other*")(emphasis in original); *Wimberly v. Fort Wayne Business Products,* 703 F.Supp. 1358, 1363 (N.D.Ind. 1989). The first two elements have clearly been established.

Finally, for *res judicata* to apply there must be an identity of causes of action. *Res judicata* "bars not only those issues actually decided in the prior suit, but all other issues which could have been brought." *Matrix IV, Inc. v. American National Bank and Trust Co. of Chicago,* 649 F.3d 539, 547 (7th Cir. 2011) quoting *Aaron v. Mahl,* 550 F.3d 659, 664 (7th Cir. 2008). The identity of the causes of action depends on whether the claims arise out of the same set of operative facts or the same transaction. *Id.* Even if two claims are based on different legal theories, they will be treated as the same if based on the same or nearly the same factual

3

allegations. *Id.* In the initial Complaint, Howze alleged that he reported certain "credentialing transgressions" and "payroll padding", that he informed his employer that he was going to file an EEOC charge that claimed, among other things, that he was being framed for termination on the basis of his race, that he was terminated without reason, and that the defendants retaliated against him for race, sex, and because of his intent to file an EEOC claim. In the Amended Complaint, Howze again notes that he was terminated, that he engaged in protective activity by advising his employer that it had violated the law, and that his discharge was retaliatory, including "in light of failed EEOC settlement efforts…." These are the same claims and arising out of the same operative facts that were dismissed pursuant to the Settlement Agreement. Since the three elements of *res judicata* have been met, Howze's claim for retaliatory discharge cannot stand.

The defendants also argue that Count III must be dismissed pursuant to the Settlement Agreement. *United States ex rel. Davis v. Lockheed Martin Corp.,* 2010 WL 3239228 (N.D.Tex. Aug. 16, 2010). In *Davis,* the relator was employed by Lockheed and during the course of his employment began to raise concerns about whether software was being developed by Lockheed in compliance with certain guidelines. 2010 WL 3239228 at *1. On January 27, 2006, Davis filed a sealed complaint under the False Claims Act for Lockheed's alleged failures. Davis also alleged that Lockheed retaliated against him and assigned him to a different position. On February 15, 2006, Davis signed a "Compromise and Settlement Agreement and Full and Final Release" with Lockheed. Davis received a monetary payment and, in exchange, agreed not to pursue a pending discrimination claim and agreed to "release and forever discharge" Lockheed "from any and all claims…connected in any way" with his employment and claims for "retaliation under any other federal, state, or local laws."

On September 3, 2008, the government declined to intervene in Davis's suit and on February

11, 2009, the Court unsealed Davis's complaint and the government's decision not to intervene. On May 11, 2008, Davis amended his retaliation claim to include a claim for constructive discharge. Lockheed filed a motion to dismiss for, among other things, lack of standing, based upon Davis's signed release. The Court held that because Davis signed the agreement after he filed the complaint, the release did not bar the *qui tam* claim. However, the court found that any pre-release retaliation claims were not actionable.

Similarly, in the present case, Howze executed a "Settlement Agreement and General Release" on March 8, 2012 in resolution of his pending federal litigation against Allied Physicians and Sleep Centers. In exchange for a monetary payment, Howze "irrevocably and unconditionally" released Allied Physicians and Sleep Centers from "all charges, complaints, claims, demands, liabilities…and causes of action of any kind or nature that have accrued as of the date of this Agreement, whether known or unknown, suspected or unsuspected, including, but not limited to, claims under Title VII; claims, liabilities and obligations under any federal, state, or local anti-discrimination law; claims arising out of or relating to any aspect of Howze's employment with [Allied Physicians and Sleep Centers] or his separation from that employment…." (Settlement Agreement ¶ 6). Howze further agreed that he would not assert claims "arising out of or in any way related to his employment…or his separation from the employment…" (Settlement Agreement ¶ 7). Clearly, as in *Davis,* the Settlement Agreement executed by Howze bars his claims for retaliation under 31 U.S.C.A. § 3730(h).

Although Howze argues in his response brief that federal law prohibits settlement of *qui tam* actions without federal and state consent, it is clear that the present motion is addressed only to Count III, which is a claim for retaliatory discharge. Howze also claims that the Settlement Agreement is void for lack of consideration. However, it is undisputed that Howze received a

cash payment in exchange for settlement of his claims. If the facts demonstrate that some consideration has been exchanged, the court will not inquire into the adequacy of the consideration. *See Ackerman v. Kimball Int'l, Inc.* 634 N.E.2d 778, 781 (Ind. Ct. App. 1994), *aff'd* 652 N.E.2d 507 (Ind. 1995).

The defendants also argue that they are entitled to recover attorney fees from Howze. The Settlement Agreement provides that "any breach of any covenant in this Settlement Agreement and General Release shall entitle the Releasees to recover from Howze reasonable attorneys' fees incurred in defending any claim or claims brought in breach of the covenant." (Settlement Agreement ¶ 7). The defendants were forced to defend a claim that was clearly and unequivocally released by the Settlement Agreement. This court holds that under the clear terms of the Settlement Agreement, the defendants are entitled to recover their attorneys' fees.

Having dismissed Count III, the court notes that the remainder of the allegations in the Amended Complaint focus on the action of defendant Sleep Centers only. Therefore, as no claims remain against Allied Physicians, this defendant will be dismissed from the case.

Next, the court will consider the defendants' motion to dismiss the *qui tam* claims, which are in Counts I and II of the Amended Complaint. In this motion, the defendants point out that Howze's attorney of record at that time, Loren K. Allison, withdrew as of July 31, 2012. The law clearly provides that a Relator in a *qui tam* action may only proceed through counsel, because the complaint is being pursued on behalf of the government. A person may only bring an action on behalf of themselves in a *pro se* capacity. *Szymczak v. Covenant Healthcare Systems, Inc.*, 207 Fed. Appx. 731 (7th Cir. 2006; *Lusby v. Rolls-Royce Corporation*, 507 F.3d 849, 852 (7th Cir. 2009). Further, the Indiana False Claims Act mirrors the Federal False Claim Act in all material respects. *Kuhn v. LaPorte County Comprehensive Mental Health Council*,

2008 WL 4099883 (N.D. Ind. Sept. 4, 2008).

However, on December 21, 2012, this court entered an order granting Attorney Patricia J. Howze's application to appear *pro hac vice* in this action. Accordingly, as Howze is currently represented by counsel, the motion to dismiss Counts I and II will be denied.

## Conclusion

On the basis of the foregoing, defendants' amended motion to dismiss Count III [DE 52] is hereby GRANTED. Further, defendants' original motion to dismiss [DE 29] is hereby deemed MOOT.

The defendants' motion to dismiss Counts I and II [DE 56] is hereby DENIED. However, defendant Allied Physicians Incorporated is hereby DISMISSED from the case.

The defendants are to submit proof of attorney's fees within 30 days of the date of this Order

Entered: March 11, 2013.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court