UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| STATE OF INDIANA, ) | |
| YORK HOWZE, Relator, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:11-CV-035-JD-SLC |
| ) | |
| SLEEP CENTERS OF FORT WAYNE, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

The procedural history of this case began about six years ago, as detailed in this Court's previous order [DE 143 at 102]. Both the federal government and state have declined to intervene, and at this point in time, the only claims that remain are Counts I and II as alleged against Defendant Sleep Centers. Defendant Sleep Centers filed a Motion for Judgment on the Pleadings [DE 145] and a Motion to Strike Howze's response brief because it was filed three days late [DE 148]. The matter was referred to Magistrate Judge Susan Collins [DE 154] to issue a Report and Recommendation. That Report and Recommendation has issued [DE 155] and indicates that: (1) the motion to strike should be denied as the minor delay in filing did not warrant striking a brief helpful to a merits determination; and (2) that because Howze admits that no private cause of action under the Indiana Medicaid Fraud statute exists, any such claim ought to be dismissed, while Howze's remaining theories under the Fair Claims Act and Indiana False Claims and Whistleblower Protection Act have been sufficiently pled. As of this date, no party has filed an objection to the report and recommendation.

The Court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

The Magistrate Judge set forth the facts under the appropriate standard of review and provided a thorough explanation for the determinations made therein. Understandably, no party has contested those findings. Having reviewed the report and recommendation [DE 155] and finding no clear error therein, the Court **ADOPTS** it in its entirety and incorporates Magistrate Judge Collin's recommendations into this Order. Accordingly, the Court now **DENIES** the motion to strike [DE 148], and **GRANTS IN PART and DENIES IN PART** the motion for judgment on the pleadings [DE 145] insofar as any claim under the Indiana Medicaid Fraud Statute is dismissed, while Howze's remaining claims against Sleep Centers still remain. The

deputy clerk will contact counsel to set a telephonic status conference so that this case may move forward.

SO ORDERED.

ENTERED: February 16, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court